LIVINGSTON CAPITAL LLC v STATE TAX COMMISSION

LARIAT, INC v STATE TAX COMMISSION

Docket Nos. 310125 and 311287. Submitted July 9, 2013, at Lansing. Decided July 25, 2013, at 9:00 a.m.

Livingston Capital LLC owned two parcels of property in Green Oak Charter Township used for the warehousing, packaging, processing, and distribution of consumer goods. The township assessor notified Livingston Capital that the property would be classified as industrial real property for the 2010 tax year. Livingston Capital did not protest the classification, which the board of review accepted for the tax rolls. The assessor subsequently appealed the acceptance of this classification to the State Tax Commission (STC), seeking to have the property reclassified as commercial real property. The STC granted the appeal and changed the classification for the 2010 tax year from industrial real property to commercial real property. Livingston Capital appealed in the Ingham Circuit Court. The court, Clinton Canady III, J., ordered the property's classification changed back to industrial real property, concluding that the assessor did not have standing to appeal the acceptance of his own classification and that, as a result, the STC did not have jurisdiction to change the classification. The STC appealed.

Lariat, Inc., owned a parcel of property in Green Oak Charter Township. The township assessor notified Lariat that the property would be classified as industrial real property for the 2010 tax year. Lariat did not protest the classification, which the board of review accepted for the tax rolls. The assessor subsequently appealed the acceptance of this classification to the STC, seeking to have the property reclassified as commercial real property. The STC granted the appeal and changed the classification of the property for the 2010 tax year from industrial real property to commercial real property. Lariat appealed in the Livingston Circuit Court. The court, Michael P. Hatty, J., ordered the classification of the property changed back to industrial real property, concluding among other holdings that the property was clearly used for industrial purposes under MCL 211.34c(2)(d) or, alternatively, that the STC lacked jurisdiction to hear the assessor's appeal because the

classification had not first been protested to the board of review. The STC appealed, and the Court of appeals consolidated the appeals.

The Court of Appeals *held*:

The circuit courts did not err by determining that the STC lacked jurisdiction to hear the assessor's appeals in these cases. MCL 211.34c(6) provides that an owner of any assessable property who disputes the classification of that property must notify the assessor and may protest the assigned classification to the March board of review and that an owner or assessor may appeal the decision of that board by filing a petition with the STC not later than June 30 of the tax year. Thus, what may be appealed to the STC is only the decision stemming from a protest to the March board of review by the owner who disputes the classification of the property. An assessor cannot appeal a classification to the STC if the property owner has not protested the classification to the board of review. Because plaintiffs never protested the classifications of their properties to the respective boards of review, no appealable decisions under MCL 211.34c(6) were ever made.

Affirmed.

TAXATION — PROPERTY TAX — STATE TAX COMMISSION — APPEALS OF PROPERTY CLASSIFICATION BY ASSESSOR.

MCL 211.34c(6) provides that an owner of any assessable property who disputes the classification of that parcel must notify the assessor and may protest the assigned classification to the March board of review and that an owner or assessor may appeal the decision of that board by filing a petition with the State Tax Commission not later than June 30 of the tax year; an assessor cannot appeal a classification to the commission if the property owner has not first protested the classification to the board of review.

*Honigman Miller Schwartz and Cohn LLP* (by *Michael B. Shapiro* and *Jason Conti*) for Livingston Capital LLC.

*Neal D. Nielsen* for Lariat, Inc.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Michael R. Bell* and *Matthew B. Hodges*,

Assistant Attorneys General, for the State Tax Commission, Robert Naftaly, Douglas Roberts, and Barry Simon in *Livingston Capital*.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Matthew B. Hodges*, Assistant Attorney General, for the State Tax Commission, Robert Naftaly, Douglas Roberts, and Barry Simon in *Lariat*.

Before: SAWYER, P.J., and METER and DONOFRIO, JJ.

PER CURIAM. In Docket No. 310125, defendant State Tax Commission (STC) appeals the April 16, 2012, order of the Ingham Circuit Court classifying plaintiff Livingston Capital LLC's property as industrial real property. In Docket No. 311287, the STC appeals the June 22, 2012, order of the Livingston Circuit Court classifying Lariat, Inc.'s property as industrial real property.

In Docket No. 310125, Livingston Capital owns two parcels of real property in Green Oak Charter Township that host a facility used by Gordon Food Service, Inc., for the warehousing, packaging, processing, and distribution of consumer goods. In 2010, Livingston Capital was notified by the township assessor that the property would be classified as industrial real property for the 2010 tax year, as it had been in previous years. Livingston Capital did not protest the classification, and the classification was accepted to the tax rolls by the board of review.

On April 27, 2010, however, the assessor appealed the acceptance of his industrial real property classification to the STC, seeking to have the property reclassified as commercial real property. On August 16, 2010, the STC granted the appeal and changed the classification of the

property for the 2010 tax year from industrial real property to commercial real property, holding that "[w]arehouses are commercial".

Following the STC's decision, Livingston Capital appealed to the circuit court. The circuit court issued an oral opinion changing the classification of the property back to industrial real property for the 2010 tax year. The circuit court had multiple reasons for its decision, including that the assessor did not have standing to appeal the acceptance of his own classification and that as a result, the STC did not have jurisdiction to change the accepted classification.

In Docket No. 311287, Lariat owns a parcel of real property in Green Oak Charter Township that is leased by three commercial entities, Fonson, Inc., McDonald Modular Solutions, Inc., and CMA Heavy Haul, Inc. In 2010, Lariat was notified by the township assessor that the property would be classified as industrial real property for the 2010 tax year, as it had been in previous years. Lariat did not protest the classification, and the classification was accepted to the tax rolls by the board of review.

On April 27, 2010, however, the assessor appealed the acceptance of his industrial real property classification to the STC, seeking to have the property reclassified as commercial real property. On August 16, 2010, the STC granted the appeal and changed the classification of the property for the 2010 tax year from industrial real property to commercial real property, holding that "[e]xcavating contractors are commercial."

Following the decision, Lariat appealed the decision to the circuit court. The circuit court issued an opinion changing the classification of the property back to industrial real property for the 2010 tax year. In support, the circuit court found that the record showed the

property was clearly used for industrial purposes under MCL 211.34c(2)(d), as it was used for the removal or processing of gravel, stone, or mineral ore. Alternatively, the circuit court found that the STC had lacked jurisdiction to hear the township assessor's appeal, as the classification of the property had not first been protested to the board of review, and that the order reclassifying the property as commercial real property was invalid because of a lack of the statutorily required signature and seal.

These cases are resolved by an issue common to both cases: whether an assessor can appeal to the STC when the classification has not been protested at the board of review. We conclude that an assessor cannot do so.

Appeals to the STC concerning property classifications are governed by MCL 211.34c(6), which reads, in relevant part, as follows:

> An owner of any assessable property who disputes the classification of that parcel shall notify the assessor and may protest the assigned classification to the March board of review. An owner or assessor may appeal the decision of the March board of review by filing a petition with the state tax commission not later than June 30 in that tax year.

Although no protests were ever made to the boards of review by the property owners, the assessor still appealed the classification of the properties. The STC asserts that the appeals were still proper under MCL 211.34c(6) because the appeals were of the decisions of the boards of review to accept the assessor's original classification of the properties under MCL 211.34c(1). This interpretation, however, runs counter to the plain and unambiguous language of MCL 211.34c(6).

> The primary goal of statutory interpretation is to "ascertain the legislative intent that may reasonably be inferred from the statutory language." "The first step in that

determination is to review the language of the statute itself." Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. We may consult dictionary definitions to give words their common and ordinary meaning. When given their common and ordinary meaning, "[t]he words of a statute provide 'the most reliable evidence of its intent . . . .' " [*Krohn v Home-Owners Ins Co*, 490 Mich 145, 156-157; 802 NW2d 281 (2011) (citations omitted; alterations in original.]

Under MCL 211.34c(6), an assessor is permitted to appeal "the" decision of the board of review, not "a" decision. In context,[1] the reference to "the decision" in the second sentence of the provision refers back to the decision stemming from a protest by the "owner of any assessable property who disputes the classification of that parcel." The STC's interpretation would divorce the term "the decision" from the context in which it is placed and require that "the decision" include the board of review's decision to accept a classification onto the property tax rolls under MCL 211.34c(1).

Therefore, because plaintiffs never protested the classification of the their properties to the respective boards of review, no appealable decisions under MCL 211.34c(6) were ever made. The circuit courts did not err by determining that the STC lacked jurisdiction to hear the assessor's appeals in these cases.

Affirmed. Plaintiffs may tax costs.

SAWYER, P.J., and METER and DONOFRIO, JJ., concurred.

---

[1] See *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 716-717; 822 NW2d 522 (2012).